May it please the Court, my name is Jonathan Salovey, representing the appellant David Schubert. I would like to reserve two minutes for rebuttal. The issue before this case has been squarely addressed by the United States Supreme Court. In Cone v. Bell, the Supreme Court stated that it was granting certiorari quote-unquote, to answer the question whether a federal habeas claim is vice presented to the courts. The Supreme Court answered in crystal clear fashion and the answer was no. Significantly, the Supreme Court noted that all the other circuits, including the Ninth Circuit, has already addressed this issue and all the other circuits except for the Sixth Circuit, which was the subject of the case in Cone v. Bell, had found and held that re-litigation rules do not constitute procedural bars. Also, the Ninth Circuit has already addressed this issue in two other cases in Washington State. They addressed the issue in Russell v. Ross, in which Judge Reinhart sat on the panel, and in Purtle v. Morgan. And also, the Ninth Circuit looked at re-litigation rules in other states. The Ninth Circuit looked at re-litigation rules in Arizona in Seha v. Stewart, and found that repeated presentation of claims of post-conviction proceedings in Arizona State Court did not procedurally bar review. The Ninth Circuit also reviewed, repeatedly, California's re-litigation rule in Hill v. Rowe and in Calderon v. United States District Court for the Eastern District of California. In both those cases, the Ninth Circuit found that re-litigation bars do not constitute procedural defaults. And since the Ninth Circuit's decision, the Ninth Circuit and Purtle, the United States Supreme Court, in a later decision, in Cone v. Bell, expressly held that procedural bars do not, that re-litigation rules do not constitute procedural bars. In fact, in the Purtle case, Purtle relied on an earlier United States Supreme Court decision, in Ilst v. Neumacher, in which, in dicta at the time, it was stated that procedural bars, that re-litigation rules do not constitute procedural bars. Counsel, which of those cases involves a scenario where the petitioner was trying to litigate on post-conviction, in the post-conviction context, something that he had failed to completely litigate in the direct appeal context? Which case addresses that? I believe in all those cases, Your Honor. As a matter of fact, in Russell v. Rolfe's, the procedural history in Russell v. Rolfe's is parallel, similar to the case at Washington Supreme Court. Failed to appeal at all to the Washington Supreme Court, or failed to raise the issue? Failed to raise the issue. But did appeal to the Washington Supreme Court. Do you have a case where the issue was never, where the appeal was never taken to the highest court? And then the issue was raised on post-conviction? Do you have a case that has that scenario? Well, Your Honor, I believe in one of my cases, I don't have it at the top of my head, but in one of my cases, I believe one of the cases was only raised to the State Court of Appeals. But in this case, the case was on direct review. There was an appeal to the United States Court of Appeals. Right, but the procedural posture is very important, because in this case, if I remember correctly, on direct appeal, the petitioner stopped with the Court of Appeals and never went to the Supreme Court. So the Supreme Court never had the opportunity to address the issue. Then on habeas, that's where he was precluded from raising the issue, because it never went all the way through on the direct appeal level. Is that, am I correct? Respectfully, Your Honor, in this case, Mr. Schubert did file a petition for discretionary review to the Washington State Supreme Court. On direct appeal? Yes, Your Honor. So it was done, and that's significant, because the petitioner, ultimately, the Washington State Supreme Court was given an opportunity to pass on the issue when Mr. Schubert filed his personal restraint petition, both before the Washington Court of Appeals and before the Washington Supreme Court. This is kind of tricky, because it's not a straightforward preclusion rule, such as in Cohen. Let me make sure I've got the bedding right here, or the sequence of events right. He appeals to the Washington Court of Appeals on direct appeal. He then does not appeal further to the Washington Supreme Court on direct appeal. When I asked him that, he said he did follow. He did, Your Honor. But as to the claims you now wish to present, he did not. I'm sorry. Right, right, right. Yes, he did file a petition for discretionary review, just did not raise those claims. But at a later... Okay, let me make sure I'm working on the same premise. But as to the claims he's now seeking to present to us, he did not appeal those to the Washington State Supreme Court on direct review. Correct, Your Honor. He then comes into the Washington State Court on habeas, or as I guess you'd call it, PRP. And the Washington Supreme Court says, sorry, you should have raised that on direct review, and you didn't. And you don't have a proper excuse under our rules for having failed to do so. Therefore, we're not going to consider it. Isn't that what happened? Well, the State Supreme Court, the commissioner... What did the Court of Appeals say on PRP? Why didn't they consider it there? And then let's get to the Washington Supreme Court. You just cited, they just basically said, we will not revisit claims that are either reformulated or have been already adjudicated before. And the significant part of the ruling, Your Honor... That's a Taylor rule, Your Honor. I'm sorry, Your Honor? That's a Taylor rule? The Taylor rule. And then what happened? Then he went to the Supreme Court? Then he went to the Washington State Supreme Court. And what did they say? They also stated that the issue had been, that we'll not consider claims that have already been presented on direct review. But what's important is when a state court makes a determination that a claim has already been reviewed, heard and determined, the court, the state court, is in effect making a statement that the claims have been exhausted. And that is the rationale that the United States Supreme Court made in Cone v. Bell. They made it very clear that when a state court makes this ruling, the state court is essentially saying, we pass. But the petitioner in this case did give the state Supreme Court and the Washington Court of Appeals an opportunity to review the claim. Well, they could have said in the Washington Supreme Court a second time, or the Court of Appeals could have said, you have procedurally defaulted that claim, and then we'd have a different case. But they relied on Taylor, which said it's already been decided. The important thing is, whether they did rely on Taylor or not, the United States Supreme Court has expressly stated that rules like Taylor are not procedural bars. The Ninth Circuit. I understand that, but my question was, the Washington Supreme Court could have relied on a procedural bar. Well, they could have relied on a relitigation rule. No, they did rely on a relitigation rule. They could have said, because he didn't go to the Washington Supreme Court on direct appeal, they could have said there's a procedural default. Exactly, Your Honor. And that's what's significant in this case, is that the Washington Supreme Court never made a ruling stating that Mr. Schubert waived his claim. What the respondent is arguing in this case is that Mr. Schubert effectively waived his claim. And what the respondent is attempting to do here is transform the Taylor rule into a waiver rule. And in Cohn v. Bell, the United States Supreme Court wrongly criticized the state for trying to argue both waiver and relitigation at the same time. They say that those two positions are inconsistent, that it cannot be possible to basically waive a claim and to be barred for relitigation of a claim. It's inconsistent. And in Taylor, it's also important that the Washington State Supreme Court, when it formulated Taylor, relied on a United States Supreme Court opinion in Sanders in defining the ends of justice standard in Taylor. How much time did you want to save for rebuttal? Two minutes, Your Honor. So it's important that in Sanders, the United States Supreme Court made it clear that, first of all, each of these claims are interwoven, that it's not a procedural bar, because even if you come to that conclusion, the court must ask, is the claim interwoven with federal constitutional law? And in this case, the ends of justice standard clearly requires courts to consider the constitutional merits of the claim. It's also important to look at all of Washington law in terms of, if a claim is weighed, the applicable rule in the state courts is in re-hues. And in re-hues, the court made it clear that if a party fails to raise a claim on direct review but brings it in a personal restraint petition, that it is not automatically barred. And the standard in re-hues is whether or not the court will consider claims if the quote-unquote constitutional error would result in actual prejudice. Now, there cannot be a more interwoven rule when the state rule itself uses the word constitution. And the Taylor rule itself is clearly interwoven because the ends of justice standard clearly requires the Washington courts to consider the underlying constitutional merits of the case. Accordingly, it's clear that even if you get around the United States Supreme Court's express holding that re-litigation rules do not constitute procedural bars. And if you actually look at how the rules work in the state of Washington, it's clear that the rules require the courts to consider the constitutional merits of the claim. And it's also important not just to look at Taylor, but to look at hues. And hues specifically address whether or not situations where the court, where a party fails to raise a claim before a direct review and raises it in his personal restraint petition. The court provided an apparatus and it said we will consider claims if they're important, if they're constitutional. You're way under your two minutes, if you want to. May it please the court. My name is Paul Weiser and I'm the Assistant Attorney General appearing on behalf of Appellee Quinn in this matter. In O'Sullivan v. Burkle, the United States Supreme Court reminded us that to protect the integrity of the exhaustion rule, federal courts must ask not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies. In other words, whether he has fairly presented his claims to the state courts. Exhaustion requires fair presentation of claims, and Mr. Schubert simply never did that with respect to those seven issues that he abandoned on direct appeal. He raised them on direct appeal, I think we can all agree, in the Court of Appeals, the Washington Court of Appeals briefing. He filed a petition for review, for discretionary review with Washington Supreme Court on direct review, but these seven claims were not among those claims that were raised in his petition for review. Then he tried to re-raise the claims again in his personal restraint petition, but he ran up against the In re Taylor bar when he tried to raise those claims in the Washington Supreme Court and was not able to show that any of the seven claims met the Taylor's end of justice exception for either newly discovered evidence or for a... In re Taylor was a re-litigation. That's correct, Your Honor. And that was the reason that on a post-conviction review, both in the Court of Appeals and in the Supreme Court, they said this issue has been re-litigated and you can't re-litigate it. That's correct, Your Honor. Both the Washington Court of Appeals and the Washington Supreme Court Commissioner on the personal restraint petition did indicate that, did apply the In re Taylor. And Cohn v. Bell dealt directly with that. They said when a state court declines to review the merits of a petitioner's claim on the ground that it's done so already, it creates no bar to federal habeas review. Yes, Your Honor, and I don't disagree that that's contained within the Cohn v. Bell decision. The point that we should take away from Cohn v. Bell is that in that case, the Tennessee state courts had erroneously applied that state's procedural bar. They had concluded that, in fact, it had applied to Cohn's claims when it didn't. And that was the thing that the Supreme Court... But it's saying here that they applied it when it didn't because the Supreme Court hadn't had an opportunity to consider it. In Mr. Schubert's case? Yes. Yes, but it nevertheless applies, Your Honor. And I think that the Supreme Court has, the Washington Supreme Court has made that point clear. Since the Russell v. Rolfe's case was decided more than 20 years ago, that, in fact, it applies in just these circumstances where a petitioner attempts to resurrect claims that were raised in the court of appeals but not the Supreme Court on direct appeal, and then he presents them in a personal restraint petition. The In re. Vandervloot decision from 1992 illustrates that perfectly. Mr. Vandervloot challenged his exceptional sentence on direct appeal but didn't raise those claims in the Washington Supreme Court. In fact, I think he abandoned his appeal at that point. Later, he filed a personal restraint petition, again attempting to raise a challenge to his exceptional sentence in the Washington Supreme Court, although they had not heard the claims, previously heard and determined the claims, nevertheless applied the In re. Tater analysis and decided that Mr. Vandervloot was entitled to raise these claims in his personal restraint petition despite the In re. Tater bar because he was able to meet the standard. There had been an intervening change of the law that was material to his exceptional sentence claim. So what does that show? So that there's an exception to Taylor? That's correct, Your Honor. That's what the bar is. It is an absolute bar. It's not absolute, but it is a bar unless there are some exceptional circumstances. It's a bar because of relitigation. Yes, Your Honor. It will bar the court's review on the merits of the claims unless the petitioner is able to demonstrate one of two things, either a new factual predicate, some new factual matters he had discovered. The difference I see here is that a relitigation bar would be if he took the case all the way through the Supreme Court with all of the issues resolved and then the Taylor was used to bar the personal restraint petition as opposed to when he didn't take full advantage of the available court proceedings and then wanted to raise the issue on post-conviction review. I see that as the difference here. Do you? I guess I don't see the difference so much in how in re Taylor is applied because necessarily the Washington courts applied in re Taylor to prevent Mr. Schubert from raising his claims or getting review of the merits of his claims in the Washington Supreme Court because of that. Well, let me ask you this. If he had, in fact, raised the issues in the Supreme Court and then filed the personal restraint petition, would it have been able to go forward? I'm sure the court would have applied the in re Taylor bar also in that situation. The distinction being if that, in fact, had happened, I wouldn't be here arguing procedural default because his claims would have, in fact, been subjected to one full round of review. So either way he doesn't get to do, that can't be right, that he can't challenge on post-conviction issues that have been addressed on direct appeal? Is that what the Washington law is? That's correct, Your Honor, unless he meets the ends of justice exception. So what can you challenge on post-conviction? You can't challenge something you did raise, and you can't challenge something you didn't raise. I'm sorry, Your Honor, you can raise new claims in a personal restraint petition. In fact, that's the intent of it is to raise ineffective assistance of counsel claims, challenges to jury instructions that weren't raised on direct appeal, constitutional challenges to the scope of the criminal statute under which the person was prosecuted. I don't know if there are any limits on the types of claims that can be raised in a plural. So how does that get around the re-litigation rulings of Bill v. Cohn? I don't understand how you think that you can distinguish that circumstance then. Your Honor, in Cohn v. Bell, the Supreme Court, every time it talked about the Tennessee re-litigation bar, they were referring to the state courts in the plural, and that simply didn't happen in Mr. Schubert's case. He did not. Well, that's not every time. The sentence that's created is not they didn't refer to state courts in the plural. The sentence that's critical is when a state court declines to review. I don't know that it matters whether they did it in the singular or the plural, but if it's important to you, that's not a correct statement. Well, I think if we jump down just two sentences below the part where the court quoted, it said, to the contrary, it provides strong evidence that the claim has already been given full consideration by the state courts, and thus is right for federalism. I kind of felt that, but I just said not every time did they say state courts. I understand. I stand corrected on that, Your Honor. But the next paragraph, the court starts out by saying, a claim is procedurally barred when it has not been fairly presented to the state courts for their initial consideration. Their initial consideration. Mr. Schubert didn't do that. Let me take another run at the questions that Judge Rawlinson was asking you, because I think you might have been ships passing in the night for a moment. Assume something that did not happen. Assume that on direct review, Mr. Schubert raised all of the claims that he now seeks to raise. Of course, we know he didn't, but let's assume that he did. And they go all the way to the Washington Supreme Court on direct review. Washington Supreme Court denies them all on the merits. He then brings a personal restraint petition on habeas in state court, and the state court, maybe even all the way up to the Washington Supreme Court, denies those claims under Taylor based on relitigation. He now comes into federal court on habeas. Is he allowed to raise those claims on habeas? Yes, Your Honor. Because? Those claims have been subjected to one full round of fair presentation to the state courts. On direct review. That's correct. And it doesn't make a whole lot of difference what the state courts said in the context of post-conviction review under the court scenario because the claims had previously been presented. And that's the distinction I'm making here between this case and Bell v. Cohn, that the claims were never subjected to one full round where the court was in a position, a procedural posture to review the merits of the claims. So your argument is that because in the first round, on direct review, he only goes up to the Washington Court of Appeals as to the issues he now seeks to litigate in federal habeas, the preclusion rule is a preclusion rule, of course, when he comes into the Washington courts on personal restraint petition. But the fact that the later court doesn't hear those on preclusion grounds does not excuse him from never having presented them on direct appeal when he easily could have done so and he would have been allowed to present them on the merits. That's the argument. Correct, Your Honor. Well, you know, this is a very technical area. And you're supposed to make the right things, otherwise you waive your rights, you lose them for preclusion, you lose them for one reason or another. We've got a lot of different rules. And if you use the wrong rule, you lose. That's what the Supreme Court says. When a state court declines to find that a claim has been waived by a petitioner's to comply with the state procedural rules, our respect for the state court judgment counsels us to do the same. You could have, the state court could have said, not we've relitigated this or we've litigated it previously, when he hadn't. The state court could have said he waived his rights or he forfeited his rights because he didn't go to the Supreme Court the first time. That's not the procedural ground that the state court relied on. The state court relied on the fact that he had litigated the issue previously. And once the state court relies on that ground, then that ground is not a bar, according to Cone v. Bell. And what I read about raising the wrong ground also comes from Cone v. Bell. You may or may not like all these procedural rules designed to deprive people of their rights. But if you like them, then you've got to invoke the right procedural rule, not the wrong one. I think that's what's confusing me because it's a relitigation rule for something that was never litigated. That's the problem that I have conceptually. And that's part of our argument, Your Honor. He never, because of this procedural rule that precluded the state Supreme Court from reaching the merits of the claim, he never, Mr. Schubert never, fully and fairly presented these claims for review by the state courts. That seems contrary to saying you're relitigating. Because if you never litigated it in the first place, how can you be relitigating it as a matter of common parlance? That's the part that's a little off to me. I understand. He did, however, relitigate or litigate, excuse me, present the claims and they were heard and determined or whatever other terms we want to use to describe that phenomenon. The claims were, in fact, presented to the state court of appeals and were adjudicated on the merits at that time. And he did not pursue the claims any further at that time. But that's not the reason that you barred the claim. Not because he didn't pursue it any further. You barred it for the opposite reason. You barred it because he relitigated it. There are rules to say you haven't gone to the Supreme Court. But that's not what the state said. It didn't say you haven't gone to the Supreme Court. You've forfeited. You've waived your right. You haven't exhausted it. It didn't say any of those things. It said you litigated it. And we're not going to litigate it again. I understand, Your Honor, but the net result out of all of that is that the state Supreme Court did not review the claims on the merits. Lots of net results, but you've got to give the right reason. You want to be technical, be technical. And give the reason that you either forfeited it, you failed to do anything, you're procedurally barred. But you didn't do it, just as in Cone v. Bell. It says if you use a relitigation rule, you're out of luck. So, you know, I'm not arguing for the justice of this. I'm arguing for those who love procedural rules who use the wrong procedural rule. Your Honor, I believe there are numerous distinctions between Mr. Schubert's case and the Cone v. Bell case. In Mr. Schubert's case, the state courts, in the plural, did not fully and fairly review his claims because they were not fully and fairly presented to them. They were only presented to the Washington Court of Appeals in that posture. And in Cone v. Bell, there was one full round of state court review. In Mr. Schubert's case, he chose to short-circuit that by not pursuing his remedies in the state. Let me ask you how the Washington-Taylor rule would apply in a case not the one we have here. In this case, Mr. Schubert sought direct review in the Washington Court of Appeals on these issues. He didn't go up the ladder further, but what would have happened with respect to the Washington State Court's PRP re-litigation rule if he had taken no appeal from his conviction in the trial court and had gone immediately to PRP? Would the re-litigation rule apply then, saying, well, you litigated in state court, you can't re-litigate it on PRP? No, Your Honor. The first opportunity or the first occasion when the petitioner sought review of those claims by any Washington court happened to be in the personal restraint petition process. Review meaning not decision, but review. Correct. And In re-Taylor is specific to claims that were raised on direct appeal. There are other permutations of that rule that apply when a person files successive personal restraint petitions. So what would have happened then under Washington law if Mr. Schubert had not taken any appeal whatsoever on direct review and had moved immediately into a PRP? Would all these claims have been cognizable on PRP? Yes, Your Honor. He would not have had the benefit of having the claims reviewed under the direct appeal standard of review. He would have had to show actual and substantial prejudice in the context of collateral review. But he nevertheless could have raised those claims for the first time in a personal restraint petition without having filed a direct appeal. Okay. I see that my time is up. If the Court has no further questions, we respectfully request that the Court affirm the District Court's judgment. I have lots of further questions, but the time is up. Thank you, Your Honor. Thank you. Respondent, when a state court bars a litigant, the state court is supposed to make express statements of procedural bar to make it very clear what the basis of the procedural bar is. And it's the obligation of the state court to make it clear. So your argument is even if the state could have barred him for failure to take the appeal all the way through the state Supreme Court because it articulated the wrong basis that relief lies for your client? What's important is the basis which Respondent is articulating, namely waiver, is not the basis that the Washington Court of Appeals or the Washington State Supreme Court articulated. But does that matter if as a matter of law he waived the claim under Washington law? Does it matter that the Washington Court gave the wrong reason? Does that matter? Yes, it does, Your Honor, because under habeas law, it's the obligation and duty of the state court to make it clear. Otherwise, we sit in the position we do today, which is to scratch our heads or for the state to infer that the court made a procedural bar, which it is not clear that the state court did. But what difference does it make if legally there was a procedural bar waiver and the court said re-litigation, at the end of the day, what does it matter? It matters at the end of the day because then you end up in a position that we sit here today. We can decide. If we can decide, they said, this is theoretical, if we can decide that it should have been procedural bar, it should have been waiver as a matter of law as opposed to re-litigation, how is that prejudiced your client if he loses bottom line? Well, first of all, I believe it is standard habeas law, that the state court is obligated to make a clear statement, statement of the grounds for a procedural bar. It's also clear, too, the United States Supreme Court really answered that question in Cone v. Belt because the United States Supreme Court made it clear. The state, it was unclear whether it was being argued that the petitioner had waived his claim or that it was being barred because it was re-litigated. This is exactly the situation in this case that the Supreme Court addressed in Belt and that is the reason that it's important that there be an express and clear statement and that is the reason that the state Supreme Court said you cannot have conflicting grounds of waiver and preclusion. Thank you, Your Honor. If you don't mind my detaining you just a minute longer. We may be off on an odd track here in continuing to talk about procedural bar and it may be that we're stuck with this because that's the way the case has been argued by the state. The underlying problem seems to be failure to exhaust, that is to say failure to present this to the highest court in the state, which he easily, your client easily could have done on direct review but failed to do. Now, I assume you would agree that if he had gone on direct review through the Court of Appeal and then had not presented the claims on direct appeal to the Washington Supreme Court and then had come directly to federal court, we would say you failed to exhaust. Correct? Yes, Your Honor. Okay. But what's important is... Yeah, yeah, okay. Oh, excuse me, Your Honor. So once we've got that, assuming that the only thing he did at all in state court was direct review and he did that incompletely, we have a failure to exhaust, the question then becomes somehow is he excused from his failure to exhaust by going into state court on PRP on a ground where he can predict that he's not going to get any re-litigation because of the Taylor Rule? The answer, Your Honor, is that the state Supreme Court, when it finds that, when it declines to review a case or a claim based on re-litigation, they're in effect saying you've exhausted. And that's what the United States Supreme Court... Well, it may be exhausted for purposes of the re-litigation rule under Washington law, but I'm not sure he's exhausted for purposes of presentation of the highest state court in which a decision can be had for purposes of federal habeas. Let's assume now for a minute, although I'm not asking you to concede, let's assume now for a minute that if he has failed to exhaust on direct review, he cannot be excused from the failure to exhaust by bringing a personal restraint petition that he can confidently predict is going to be denied on Taylor grounds. But then the state doesn't argue failure to exhaust. The state instead argues preclusion. Do we say, well, the state has waived the argument of failure to exhaust and the preclusion argument is bad under Cone, but the failure to exhaust argument would have been good, but they never made it. Yes, Your Honor. You might like that? What does Cone say about that? Actually, Cone does state, it discusses the issue of exhaustion, and it says a state's court's refusal to re-adjudicate a claim, quote-unquote, does not indicate that the claim has been procedurally defaulted, but to the contrary, it provides strong evidence that the claim has already been given full consideration by the state courts and is thus ripe for federal adjudication. So the state Supreme Court has made a determination, a finding, saying we could do this, but we find this exhaustive. It's effectively a finding saying we have an opportunity and also we have to look at the underlying principle for it. But exhaustion for purposes. We'll continue this argument in chambers. Okay. We'll carry this fight outside, as they say in the bar. Okay. Thank you. The case is adjourned. It will be submitted.
judges: Reinhardt, Fletcher W. , Rawlinson